IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| RIDHISIDHI PLLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharma GmbH & Co. KG (collectively, "Boehringer" or "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Ridhisidhi PLLC ("Ridhisidhi" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submission of a New Drug Application ("NDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' JARDIANCE® (empagliflozin) tablets prior to the expiration of United States Patent Nos. 9,949,998, 10,258,637, 11,090,323, 11,833,166, and 12,433,906.

## THE PARTIES

2.     Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3.     Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4.     Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT 06877.

5.     BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6.     On information and belief, Defendant Ridhisidhi PLLC is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 1420 W Island Circle, Chandler, AZ 85248.

7.     On information and belief, Ridhisidhi is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of Delaware, through its own actions and through the actions of its agents and subsidiaries, from which Ridhisidhi derives a substantial portion of its revenue.

8.     On information and belief, Ridhisidhi prepared and submitted NDA No. 220758 (the "Ridhisidhi NDA") for Ridhisidhi's 10 mg and 25 mg empagliflozin tablets (the "Ridhisidhi NDA Products").

**JURISDICTION AND VENUE**

9.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in this Court because, among other things, Ridhisidhi has consented to venue in the District of Delaware for the purpose of this action.

**PERSONAL JURISDICTION OVER RIDHISIDHI**

11.     Plaintiffs reallege paragraphs 1–10 as if fully set forth herein.

12.     On information and belief, Ridhisidhi develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

13.     This Court has personal jurisdiction over Ridhisidhi because, *inter alia*, Ridhisidhi, on information and belief: (1) has consented to personal jurisdiction in the State of Delaware; (2) intends to market, sell, and/or distribute Ridhisidhi infringing NDA Products to residents of this State upon approval of NDA No. 220758, either directly or through at least one of its wholly-owned subsidiaries or agents; (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through at least one of its wholly-owned subsidiaries or agents.

**BACKGROUND**

**U.S. PATENT NO. 9,949,998**

14.     On April 24, 2018, the USPTO duly and legally issued United States Patent No. 9,949,998 (the "'998 patent") entitled "Pharmaceutical Composition, Methods for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '998 patent is attached as Exhibit 1. The '998 patent is assigned to BII. BIC and BIPI are licensees of the '998 patent.

3

**U.S. PATENT NO. 10,258,637**

15.     On April 16, 2019, the USPTO duly and legally issued United States Patent No. 10,258,637 (the "'637 patent") entitled "Pharmaceutical Composition, Method for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '637 patent is attached as Exhibit 2. The '637 patent is assigned to BII. BIC and BIPI are licensees of the '637 patent.

**U.S. PATENT NO. 11,090,323**

16.     On August 17, 2021, the USPTO duly and legally issued United States Patent No. 11,090,323 (the "'323 patent") entitled "Pharmaceutical Composition, Methods for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '323 patent is attached as Exhibit 3. The '323 patent is assigned to BII. BIC and BIPI are licensees of the '323 patent.

**U.S. PATENT NO. 11,833,166**

17.     On December 5, 2023, the USPTO duly and legally issued United States Patent No. 11,833,166 ("the '166 patent") entitled "Pharmaceutical composition, methods for treating and uses thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '166 patent is attached as Exhibit 4. BII and BIPI collectively own all right, title, and interest in and to the '166 patent.

**U.S. PATENT NO. 12,433,906**

18.     On October 7, 2025, the USPTO duly and legally issued United States Patent No. 12,433,906 ("the '906 patent") entitled "Pharmaceutical composition, methods for treating and uses thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and

Hans-Juergen Woerle. A true and correct copy of the '906 patent is attached as Exhibit 5. BII and BIPI collectively own all right, title, and interest in and to the '906 patent.

## JARDIANCE®

19.    BIPI is the holder of New Drug Application ("NDA") No. 204629 for empagliflozin, for oral use, in 10 mg and 25 mg dosages, which is sold under the trade name JARDIANCE®.

20.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '998, '637, '323, '166, and '906 patents are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations database ("Orange Book") with respect to JARDIANCE®.

21.    The '998, '637, '323, '166, and '906 patents cover the pharmaceutical composition and use of JARDIANCE®.

## ACTS GIVING RISE TO THIS ACTION

22.    On information and belief, Ridhisidhi submitted the Ridhisidhi NDA to the FDA, pursuant to 21 U.S.C. § 355(b), seeking approval to market the Ridhisidhi NDA Products.

23.    Ridhisidhi has represented that the Ridhisidhi NDA refers to and relies upon the JARDIANCE® NDA and contains data that, according to Ridhisidhi, demonstrate the bioavailability or bioequivalence of the Ridhisidhi NDA Products to JARDIANCE®.

24.    Plaintiffs received letters from Ridhisidhi on or about February 23, 2026 (the "Ridhisidhi Letter") stating that Ridhisidhi had included certification in the Ridhisidhi NDA, pursuant to 21 U.S.C. § 355(b)(2), that, *inter alia*, certain claims of the '998, '637, '323, '166, and '906 patents are either invalid or will not be infringed by the commercial manufacture, use, importation, offer for sale, and/or sale of the Ridhisidhi NDA Products (the "Ridhisidhi Paragraph IV Certification"). Ridhisidhi intends to engage in the commercial manufacture, use, importation,

offer for sale, and/or sale of the Ridhisidhi NDA Products prior to the expiration of the '998, '637, '323, '166, and '906 patents.

25.   Ridhisidhi does not dispute that the Ridhisidhi NDA Products will infringe the claims of the '998, '637, '323, '166, and '906 patents in the Ridhisidhi Letter.

26.   The Ridhisidhi Letter offered confidential access to unspecified portions of the Ridhisidhi NDA ("Offer of Confidential Access" or "OCA") on terms and conditions set by Ridhisidhi. Ridhisidhi requested that Boehringer accept the terms of the OCA before receiving access to the unspecified portions of the Ridhisidhi NDA.

27.   Since receiving the Ridhisidhi Letter, Boehringer has attempted to negotiate with Ridhisidhi to obtain a copy of the Ridhisidhi NDA. These negotiations were unsuccessful. Ridhisidhi did not agree to Boehringer's proposal or provide a compromise proposal in response, and instead refused to modify the OCA and produce the Ridhisidhi NDA.

28.   Under the Hatch-Waxman Act, an owner of a patented drug must file an action in federal court within 45 days of receiving a Paragraph IV letter in order to receive certain benefits under the Act, including a stay of approval of the generic drug for 30 months during the pendency of litigation, as appropriate. 21 U.S.C. § 355(c)(3)(C). Ridhisidhi's refusal to produce its NDA has hindered Boehringer's ability to consider information that is relevant to its infringement analysis of the '998, '637, '323, '166, and '906 patents. *See Hoffman-La Roche, Inc. v. Invamed, Inc.*, 213 F.3d 1359, 1363–64 (Fed. Cir. 2000).

**COUNT I —INFRINGEMENT OF THE '998 PATENT**

29.   Plaintiffs reallege paragraphs 1–28 as if fully set forth herein.

30.   Ridhisidhi has infringed at least one claim of the '998 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted, the Ridhisidhi NDA, by which

Ridhisidhi seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Ridhisidhi NDA Products prior to the expiration of the '998 patent.

31.    Ridhisidhi has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Ridhisidhi NDA Products in the event that the FDA approves the Ridhisidhi NDA. Accordingly, an actual and immediate controversy exists regarding Ridhisidhi's infringement of the '998 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

32.    On information and belief, Ridhisidhi's use, offer to sell, or sale of the Ridhisidhi NDA Products in the United States during the term of the '998 patent would further infringe at least one claim of the '998 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

33.    On information and belief, the Ridhisidhi NDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '998 patent either literally or under the doctrine of equivalents.

34.    On information and belief, the use of the Ridhisidhi NDA Products constitutes a material part of at least one of the claims of the '998 patent; Ridhisidhi knows that its NDA Products are especially made or adapted for use in infringing at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents; and its NDA Products are not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

35.    On information and belief, the offering to sell or sale of the Ridhisidhi NDA Products would contributorily infringe at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

36.    On information and belief, Ridhisidhi had knowledge of the '998 patent and, by at least its package inserts for its NDA Products, knows or should know that it will aid and abet

another's direct infringement of at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

37. On information and belief, the offering to sell or sale of the Ridhisidhi NDA Products by Ridhisidhi would actively induce infringement of at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

38. Plaintiffs will be substantially and irreparably harmed if Ridhisidhi is not enjoined from infringing the '998 patent.

### COUNT II —INFRINGEMENT OF THE '637 PATENT

39. Plaintiffs reallege paragraphs 1–38 as if fully set forth herein.

40. Ridhisidhi has infringed at least one claim of the '637 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted, the Ridhisidhi NDA, by which Ridhisidhi seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Ridhisidhi NDA Products prior to the expiration of the '637 patent.

41. Ridhisidhi has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Ridhisidhi NDA Products in the event that the FDA approves the Ridhisidhi NDA. Accordingly, an actual and immediate controversy exists regarding Ridhisidhi's infringement of the '637 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

42. On information and belief, Ridhisidhi's use, offer to sell, or sale of the Ridhisidhi NDA Products in the United States during the term of the '637 patent would further infringe at least one claim of the '637 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

43. On information and belief, the Ridhisidhi NDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '637 patent either literally or under the doctrine of equivalents.

44.    On information and belief, the use of the Ridhisidhi NDA Products constitutes a material part of at least one of the claims of the '637 patent; Ridhisidhi knows that its NDA Products are especially made or adapted for use in infringing at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents; and its NDA Products are not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

45.    On information and belief, the offering to sell or sale of the Ridhisidhi NDA Products would contributorily infringe at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents.

46.    On information and belief, Ridhisidhi had knowledge of the '637 patent and, by its promotional activities and package inserts for its NDA Products, knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents.

47.    On information and belief, the offering to sell or sale of the Ridhisidhi NDA Products by Ridhisidhi would actively induce infringement of at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents.

48.    Plaintiffs will be substantially and irreparably harmed if Ridhisidhi is not enjoined from infringing the '637 patent.

## COUNT III—INFRINGEMENT OF THE '323 PATENT

49.    Plaintiffs reallege paragraphs 1–48 as if fully set forth herein.

50.    Ridhisidhi has infringed at least one claim of the '323 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted, the Ridhisidhi NDA, by which Ridhisidhi seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Ridhisidhi NDA Products prior to the expiration of the '323 patent.

51.     Ridhisidhi has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Ridhisidhi NDA Products in the event that the FDA approves the Ridhisidhi NDA. Accordingly, an actual and immediate controversy exists regarding Ridhisidhi's infringement of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

52.     On information and belief, Ridhisidhi's use, offer to sell, or sale of the Ridhisidhi NDA Products in the United States during the term of the '323 patent would further infringe at least one claim of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

53.     On information and belief, the Ridhisidhi NDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '323 patent either literally or under the doctrine of equivalents.

54.     On information and belief, the use of the Ridhisidhi NDA Products constitutes a material part of at least one of the claims of the '323 patent; Ridhisidhi knows that its NDA Products are especially made or adapted for use in infringing at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents; and its NDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

55.     On information and belief, the offering to sell or sale of the Ridhisidhi NDA Products would contributorily infringe at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

56.     On information and belief, Ridhisidhi had knowledge of the '323 patent and, by at least its package inserts for its NDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

57.     On information and belief, the offering to sell or sale, of the Ridhisidhi NDA Products by Ridhisidhi would actively induce infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

58.     Plaintiffs will be substantially and irreparably harmed if Ridhisidhi is not enjoined from infringing the '323 patent.

### COUNT IV—INFRINGEMENT OF THE '166 PATENT

59.     Plaintiffs reallege paragraphs 1–58 as if fully set forth herein.

60.     Ridhisidhi has infringed at least one claim of the '166 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted, the Ridhisidhi NDA, by which Ridhisidhi seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Ridhisidhi NDA Products prior to the expiration of the '166 patent.

61.     Ridhisidhi has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Ridhisidhi NDA Products in the event that the FDA approves the Ridhisidhi NDA. Accordingly, an actual and immediate controversy exists regarding Ridhisidhi's infringement of the '166 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

62.     On information and belief, Ridhisidhi's use, offer to sell, or sale of the Ridhisidhi NDA Products in the United States during the term of the '166 patent would further infringe at least one claim of the '166 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

63.     On information and belief, the Ridhisidhi NDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '166 patent either literally or under the doctrine of equivalents.

64.     On information and belief, the use of the Ridhisidhi NDA Products constitutes a material part of at least one of the claims of the '166 patent; Ridhisidhi knows that its NDA

11

Products are especially made or adapted for use in infringing at least one of the claims of the '166 patent, either literally or under the doctrine of equivalents; and its NDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

65.    On information and belief, the offering to sell or sale of the Ridhisidhi NDA Products would contributorily infringe at least one of the claims of the '166 patent, either literally or under the doctrine of equivalents.

66.    On information and belief, Ridhisidhi had knowledge of the '166 patent and, by at least its package inserts for its NDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '166 patent, either literally or under the doctrine of equivalents.

67.    On information and belief, the offering to sell or sale, of the Ridhisidhi NDA Products by Ridhisidhi would actively induce infringement of at least one of the claims of the '166 patent, either literally or under the doctrine of equivalents.

68.    Plaintiffs will be substantially and irreparably harmed if Ridhisidhi is not enjoined from infringing the '166 patent.

### COUNT V—INFRINGEMENT OF THE '906 PATENT

69.    Plaintiffs reallege paragraphs 1–68 as if fully set forth herein.

70.    Ridhisidhi has infringed at least one claim of the '906 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted, the Ridhisidhi NDA, by which Ridhisidhi seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Ridhisidhi NDA Products prior to the expiration of the '906 patent.

71.    Ridhisidhi has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Ridhisidhi NDA Products in the event that

12

the FDA approves the Ridhisidhi NDA. Accordingly, an actual and immediate controversy exists regarding Ridhisidhi's infringement of the '906 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

72. On information and belief, Ridhisidhi's use, offer to sell, or sale of the Ridhisidhi NDA Products in the United States during the term of the '906 patent would further infringe at least one claim of the '906 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

73. On information and belief, the Ridhisidhi NDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '906 patent either literally or under the doctrine of equivalents.

74. On information and belief, the use of the Ridhisidhi NDA Products constitutes a material part of at least one of the claims of the '906 patent; Ridhisidhi knows that its NDA Products are especially made or adapted for use in infringing at least one of the claims of the '906 patent, either literally or under the doctrine of equivalents; and its NDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

75. On information and belief, the offering to sell or sale of the Ridhisidhi NDA Products would contributorily infringe at least one of the claims of the '906 patent, either literally or under the doctrine of equivalents.

76. On information and belief, Ridhisidhi had knowledge of the '906 patent and, by at least its package inserts for its NDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '906 patent, either literally or under the doctrine of equivalents.

77.   On information and belief, the offering to sell or sale, of the Ridhisidhi NDA Products by Ridhisidhi would actively induce infringement of at least one of the claims of the '906 patent, either literally or under the doctrine of equivalents.

78.   Plaintiffs will be substantially and irreparably harmed if Ridhisidhi is not enjoined from infringing the '906 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Ridhisidhi and for the following relief:

a.   A judgment be entered that Ridhisidhi has infringed at least one claim of the '998, '637, '323, '166, and/or '906 patents by submitting the Ridhisidhi NDA;

b.   That Ridhisidhi, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '998, '637, '323, '166, and/or '906 patents, and (ii) seeking, obtaining or maintaining approval of the Ridhisidhi NDA until the expiration of the '998, '637, '323, '166, and/or '906 patents or such other later time as the Court may determine;

c.   A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Ridhisidhi NDA under § 505(b) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(b)) shall not be earlier than the expiration date of the '998, '637, '323, '166, and/or '906 patents, including any extensions;

d.   That Boehringer be awarded monetary relief if Ridhisidhi commercially uses, offers to sell, or sells its respective proposed generic versions of JARDIANCE® or

any other product that infringes or induces or contributes to the infringement of the '998, '637, '323, '166, and/or '906 patents, within the United States, prior to the expiration of these patents, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

e.  A judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

f.  Costs and expenses in this action; and

g.  Such other and further relief as the Court deems just and appropriate.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Megan E. Dellinger

OF COUNSEL:

Jeanna M. Wacker
Ashley L.B. Ross
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

James F. Hurst
Bryan S. Hales
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

April 3, 2026

Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

15